CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 30 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ZACHARY COOPER, SR., | ) |
| Plaintiff, | ) Case No. 7:10CV00290 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| COUNSELOR J. DOOLEY, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Zachary Cooper, Sr., a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Cooper alleges that the defendant officials at Keen Mountain Correctional Center have violated his constitutional rights by refusing to make free photocopies of documents that he wishes to file in ongoing court cases. Upon review of the record, the court finds that the complaint must be summarily dismissed.

## Background

Cooper challenges Keen Mountain's policies concerning free photocopies of legal documents for inmates. KMCC-LOP 841.B, Section G, indicates that "if deadlines are referenced, arrangements should be made to see that verified deadlines are honored." The provision goes on to state, however, that because the courts accept handwritten briefs, the prison and its staff do not have to provide photocopying services.[1] Cooper points to Rule 5:6(a) of the

---

[1] Although Cooper sues only individuals at Keen Mountain, he also complains about the policy at Red Onion State Prison, which provides that prison officials will not make photocopies of handwritten pleadings for inmates, because these inmates can make carbon copies of such pleadings.

Rules of the Supreme Court of Virginia, which states that carbon copies are prohibited and that submissions to the Court which are not "printed using a computer word-processing program, typewritten, or prepared by a mechanical duplication process" will only be accepted by leave of Court. Cooper interprets this provision to mean that Virginia courts do not readily accept handwritten pleadings or copies. He also asserts that a rule of the United States Supreme Court that requires submissions to be double-spaced indicates that all documents submitted to the federal courts must be prepared on a typewriter or computer.[2]

Cooper alleges that he suffered the following problems as a result of Keen Mountain's photocopy policies. Cooper had filed legal proceedings challenging his conviction. On August 1, 2008, his petition for rehearing with the United States Court of Appeals for the Fourth Circuit was denied, and he then had 90 days to file a petition for a writ of certiorari with the United States Supreme Court. The petition was due on or before October 30, 2008. Cooper's petition, typewritten, totaled 82 pages, and he did not have time to type a copy for opposing counsel and a third copy for his records before the deadline. Furthermore, at least ten pages of the exhibits that Cooper wished to submit with his petition were court orders and decisions, which he could not copy without the use of a photocopier. Cooper was able to type some of the copies he needed and then arranged to pay for the photocopying of the remaining 120 pages. He gave the papers to Counselor Dooley for copying at 8:00 a.m. on October 30, 2008. He expected to receive the copies by 4:00 p.m. that afternoon and deliver them to the mailroom for mailing to the Court. Dooley left for the day, however, without making the copies. Because the papers were locked in

---

[2] Contrary to Cooper's assumptions, the court routinely accepts and processes legible, handwritten pleadings, and is not aware of any rule that requires federal court pleadings to be typewritten.

her office, other officers were unable to make the copies for Cooper. On October 31, 2008, Cooper attempted to speak with Dooley at 8:00 a.m. and again at 12:00, but was informed that she would not see him. Finally, at 4:30 p.m., Counselor Rife gave Cooper half of his legal copies. He did not receive the second half of his copies until November 6, 2008.

Because he had missed the October 30, 2008 filing deadline for his certiorari petition, Cooper attempted to file a motion asking the Court for permission to file his petition out of time. The deadline for this motion was December 5, 2008. As an exhibit to this petition, Cooper wanted to include photocopies of his informal complaint #260-11167 about not getting the photocopies he needed for his October 30, 2008 filing deadline, his law library appointment slip, and his money withdrawal form, as evidence that he had made diligent efforts to meet the October 30, 2008 deadline. He could not copy these documents by hand, so made a request for them to be photocopied in time for him to meet the December 5, 2008 deadline. These copies were not timely provided. Cooper finally received the requested copies on December 31, 2008. He missed the December 5, 2008 deadline for filing his motion seeking permission to file his petition for a writ of certiorari out of time, and the motion was denied on February 23, 2009.

Cooper claims that except for the KMCC policy and the actions of the defendants with regard to his photocopying requests, he would have been able to file a timely petition for a writ of certiorari. He seeks compensatory damages for the $821.82 that he spent preparing his petition, punitive damages, and injunctive relief directing that the photocopying policy be changed.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this

deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." After review of Cooper's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

Inmates have a guaranteed right to reasonable access to both state and federal courts. Ex parte Hull, 312 U.S. 456 (1941); Procunier v. Martinez, 416 U.S. 396 (1974). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" and other materials necessary to meaningful pursuit of litigation. Bounds v. Smith, 430 U.S. 817, 828 (1977).

Where an inmate has had access to court, but claims that officials denied him some item necessary for meaningful pursuit of his litigation, the inmate must allege facts showing that denial of the item "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). The inmate must offer more than vague and conclusory allegations of inconvenience or delay; specifically, he must show that he was unable to file the initial complaint or that a complaint he filed was so technically deficient that it was dismissed without consideration of the merits. Id. at 351. The fact that an inmate may not be able to litigate exactly as he wishes is not sufficient to demonstrate the actual injury element of an access to courts claim. Id. at 354. Bounds and Casey do "not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing" whatever type of lawsuit or exhibit they desire. Id. at 355.

Moreover, state officials cannot be held liable under § 1983 for negligent actions which interfere with an inmate's litigation efforts. Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (citing Daniels v. Williams, 474 U.S. 327 (1986)).

Applying these principles to Cooper's allegations, the court cannot find that he states any constitutional violation. Nothing in the record suggests that the defendants' actions and policies regarding photocopies prevented Cooper from filing a timely and meaningful petition for a writ of certiorari. Rather, his allegations indicate that he was unable to file the petition with exactly the number of pages and exhibits that he desired within the deadline set by the court. He has not demonstrated, however, that any of the exhibits he wished to have copied were critical to the Court's decision regarding the merits of his claims or that he himself needed an exact copy of the petition for his own records. Once the initial documents were timely filed, Cooper could have moved for additional time in which to prepare copies for the opposing party or to submit additional exhibits. Moreover, he waited to ask for the photocopies until the last possible day before his deadline, and when he did not receive the copies in time, he chose to forego sending the petition in order to wait for the copies. Cooper's own choices, rather than defendants' actions, caused him to miss the filing deadlines at issue here.

Similarly, Cooper has not demonstrated that the exhibits he wanted to file with his motion for extension were necessary to the Court's determination of the motion. Rather, Cooper chose to forego sending the motion on time in order to submit the exhibits that he desired. As stated, the right to access the court does not require prison officials to provide exactly the number of photocopies that the inmate believes necessary to his litigation efforts. As Cooper fails to demonstrate that the defendants' actions or policies with regard to photocopies caused actual

injury to his litigation efforts,[3] he has no standing to challenge the photocopy policies themselves, and his § 1983 claims must be summarily dismissed, pursuant to § 1915A(b)(1). An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of July, 2010.

/s/ Glen Conrad
Chief United States District Judge

---

[3] Cooper's allegations also state no constitutional claim regarding defendants' alleged interference with his ability to complete the grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (finding that inmates do not have a constitutionally protected right to a grievance procedure).